47 F.3d 1166
 63 USLW 2542
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lynn L. WAGMAN; Alisa M. Wagman, a Minor, by her Mother and
Next Friend, Lynn Wagman; Alexandra S. Wagman;
Arthur M. Wagman, Plaintiffs-Appellants,
v.
FEDERAL EXPRESS CORPORATION, Defendant-Appellee.
 No. 94-1422.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 5, 1994.
Decided Feb. 17, 1995.
 
 ARGUED: Andrew Peter Zimmer, Arlington, VA, for Appellants. Patricia G. Higginbotham, FEDERAL EXPRESS CORPORATION, Memphis, TN, for Appellee. ON BRIEF: Arthur M. Wagman, Gaithersburg, MD, for Appellants. Robert C. von Ohlen, Jr., John B. Austin, ADLER, KAPLAN & BEGY, Chicago, IL; Thomas J. Cullen, Jr., GOODELL, DEVRIES, LEECH & GRAY, Baltimore, MD, for Appellee.
 Before HALL and MURNAGHAN, Circuit Judges, and LAY, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Arthur Wagman and his family appeal the district court's grant of summary judgment in favor of Federal Express Corporation ("Federal Express") on their state consumer fraud claims alleging misleading advertising. The district court held those claims preempted by the Airline Deregulation Act ("ADA"). We affirm.
 
 BACKGROUND
 
 2
 The Wagman family was involved in an automobile accident in New Jersey in 1986. Wagman, an attorney, intended to file a lawsuit based on injuries he and his family sustained in that accident. He used the services of Federal Express to send the complaint to his attorney in Philadelphia, Pennsylvania. The complaint had to be filed the next delivery day to avoid the statute of limitations, but Federal Express delivered the package one day too late. The airbill Wagman signed limited Federal Express's liability for lost packages to $100.00, unless the shipper declared a value in excess of $100.00 and paid an additional fee. Wagman failed to declare any additional value.
 
 
 3
 The Wagman family filed this diversity action against Federal Express for money damages in excess of $100,000 due to the loss of the claim arising from the automobile accident. The original complaint included only breach of contract and negligence claims. An amended complaint added counts alleging fraud, constructive fraud, fraudulent misrepresentation, and negligent misrepresentation. The latter claims were apparently based on violations of Maryland's Consumer Protection Act. See Md.Code Ann., Com. Law Secs. 13-301, 13-303 (1990). The Wagmans claim Federal Express's advertising campaign misled its potential customers into believing packages would always be delivered when promised.
 
 
 4
 The district court granted summary judgment in favor of Federal Express, finding the state law claims preempted and limiting Federal Express's liability to the $100.00 set in the contract. On appeal, the Wagmans concede their negligence and breach of contract claims cannot survive summary judgment, but challenge the district court's entry of summary judgment on the claims based on Federal Express's allegedly deceptive advertising.
 
 ANALYSIS
 
 5
 In Morales v. Trans World Airlines, Inc., 112 S.Ct. 2031 (1992), the Supreme Court addressed for the first time the scope of the ADA's preemption provision, codified at 49 U.S.C. Sec. 1305(a)(1) (1988). Section 1305 prohibits states from enforcing laws "relating to rates, routes, or services" of any air carrier.[1] In Morales, the Court interpreted that preemption provision broadly, comparing it to the one contained in the Employee Retirement Income Security Act ("ERISA"), which is similarly worded. Morales, 112 S.Ct. at 2037.
 
 
 6
 The Morales Court considered whether certain guidelines adopted by the National Association of Attorneys General ("NAAG") were preempted by Sec. 1305. Those guidelines included provisions restricting airline fare advertising and requiring that fare advertisements make certain disclosures. The Court found the guidelines preempted, stating "it is clear as an economic matter that state restrictions on fare advertising have the forbidden significant effect upon fares." Id. at 2039.
 
 
 7
 The Wagmans urge that Morales addressed only the preemption of state consumer fraud laws as they apply to advertising of airline fares. They distinguish this case from Morales on the grounds that the subject matter of the allegedly deceptive advertising is Federal Express's guarantee of overnight delivery, rather than the cost of that delivery. On that basis, they claim Maryland's state consumer protection laws relate to airline rates, routes, and services "in too tenuous, remote, or peripheral a manner" to be preempted. Id. at 2040 (quoting Shaw v. Delta Airlines, Inc., 463 U.S. 85, 100 n. 21 (1983)).
 
 
 8
 Whatever doubt Morales may have left as to whether the Wagmans' claims are preempted has been resolved by the Supreme Court's recent decision in American Airlines, Inc. v. Wolens, 63 U.S.L.W. 4066 (U.S. Jan. 18, 1995). In Wolens, two class actions composed of participants in American Airlines's frequent flyer program sued the airline for breach of contract and for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Illinois Consumer Fraud Act"), 815 Ill. Comp. Stat. Sec. 505 (1992) (formerly codified at Ill.Rev.Stat., ch. 121 1/2, p 261 (1991)). The basis of these two class action suits is American Airlines's modification of the terms of its frequent flyer program in 1988. Participants maintain that the 1988 modification impermissibly reduced the value of frequent flyer credits already accumulated, and claim this retroactive modification of the terms and conditions of the program is a breach of contract and a violation of the Illinois Consumer Fraud Act.[2]
 
 
 9
 The Supreme Court found the plaintiffs' claims under the Illinois Consumer Fraud Act preempted.[3] Wolens, U.S.L.W. at 4069. In so holding, the Court reasoned that the Illinois Consumer Fraud Act, like the NAAG guidelines at issue in Morales, "serves as a means to guide and police the marketing practices of the airlines." Id. Thus, because it was "the ADA's purpose to leave largely to the airlines themselves, and not at all to States, the selection and design of marketing mechanisms appropriate to the furnishing of air transportation services," the Court found the state consumer fraud claims preempted.[4] Id. This language makes clear the ADA's preemption provision prohibits state regulation of airline advertising pertaining to services--such as Federal Express's overnight delivery guarantee--as well as to airline fares.
 
 
 10
 On this basis, we find the district court did not err in finding the Wagmans' claims preempted by Sec. 1305 of the ADA. Accordingly, the decision of the district court is affirmed.
 
 AFFIRMED
 
 
 [1]
 Prior to 1978, the Federal Aviation Act contained no preemption provision. Congress enacted the ADA in 1978 and amended the Federal Aviation Act by adding the following language:
 [N]o State or political subdivision thereof ... shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to rates, routes, or services of any air carrier having authority under ... this chapter to provide air transportation.
 49 U.S.C. Sec. 1305(a)(1) (1988).
 
 
 [2]
 The Illinois Supreme Court, in Wolens v. American Airlines, Inc., 589 N.E.2d 533, 537-38 (Ill.1992), determined that the plaintiffs' claims were not preempted. After the Morales decision, American Airlines petitioned for certiorari, and the Supreme Court vacated the decision of the Illinois Supreme Court and remanded for further consideration in light of Morales. American Airlines, Inc. v. Wolens, 113 S.Ct. 32 (1992). On remand, the Illinois Supreme Court reaffirmed its prior judgment. Wolens v. American Airlines, Inc., 626 N.E.2d 205, 208 (Ill.1993)
 
 
 [3]
 Although the Court found the claims based on Illinois's Consumer Fraud Act preempted, it held the ADA did not preempt the plaintiffs' breach of contract claims. Wolens, U.S.L.W. at 4070-71
 
 
 [4]
 The Supreme Court held that the Department of Transportation ("DOT") retains the authority to regulate airline advertisements that "do not further competitive pricing." Wolens, 63 U.S.L.W. at 4068 (quoting Morales, 112 S.Ct. at 2040)